OPINION
Appellant, Anthony Conte, appeals from the judgment of the Lake County Court of Common Pleas. Conte pled guilty to four counts of breaking and entering, fifth degree felonies; one count of safecracking, a fourth degree felony; and one count of grand theft, a fourth degree felony. He appeals from the sentence imposed. In a companion case, State v. Conte
(Dec. 14, 2001), Lake App. No. 2000-L-104, unreported, Conte pled guilty to one count of breaking and entering, a fifth degree felony, and one count of complicity to burglary, a third degree felony. Both cases were addressed at Conte's sentencing hearing. Separate judgment entries were filed on May 30, 2000. Prior to his sentencing for these offenses, Conte had never been to prison.
In this case, Conte was given a sentence of twelve months imprisonment for each of the breaking and entering convictions, and an eighteen months term of imprisonment for the grand theft conviction. Each of these sentences was the maximum sentence. Conte was sentenced to serve twelve months for the safecracking conviction, which was not the maximum sentence. The sentences in this case were all set to run concurrently, for a total term of eighteen months imprisonment. However, they were set to run consecutively with the sentence imposed in the companion case, which contained a four-year term. Thus, Conte was sentenced to four years plus eighteen months, for a total term of five and one-half years.
From the judgment of sentencing, Conte timely filed his appeal. In his assignment of error, Conte contends the trial court abused its discretion when imposing sentence on him. He argues the trial court violated the purposes and principles of the statutory felony sentencing guidelines. Conte has divided this assignment of error into the following three issues presented for review:
 "[1]. The trial court erred and abused its discretion by imposing the maximum sentence upon appellant without making the statutorily mandated findings.
 "[2]. The trial court erred and abused its discretion by imposing the maximum sentence upon appellant as the sentence is not supported by the evidence.
 "[3]. The trial court erred to the prejudice of the appellant by sentencing him to consecutive sentences without stating the statutorily mandated findings to support this sentence and the sentence is contrary to law."
 Appeals from felony sentences are governed by R.C. 2953.08. In relevant part, the statute provides that a reviewing court may increase, reduce, or otherwise modify a felony sentence, or may remand the matter to the trial court for re-sentencing if it finds by clear and convincing evidence one of the following: "(a) [t]hat the record does not support the sentence; (b) * * *; (c) * * *; or (d) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(1). The Supreme Court of Ohio has set forth the following explanation of the clear and convincing evidence standard:
 "`[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 Pursuant to R.C. 2953.08(F), our review of the record shall include any presentence, psychiatric, or other investigative report submitted to the court in writing prior to the imposition of sentence and any oral or written statements made to or by the court at the sentencing hearing. Accordingly, we have reviewed the documents in the record, including the presentence report and the psychiatric evaluation, and the transcript of the sentencing hearing.
In his first issue presented for review, Conte argues the trial court erred by imposing the maximum sentence without making the statutorily mandated findings. In his second issue presented for review, Conte argues the imposition of the maximum sentence was not supported by the evidence. As these issues are interrelated, we will treat them in a consolidated fashion.
Initially, because Conte had not previously served a prison term, it was necessary for the court to make findings in accordance with R.C.2929.14(B) in order to impose anything other than the shortest term authorized by statute. The court made the requisite finding, stating that "the shortest prison term will demean the seriousness of the defendant's conduct." In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio stated:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis in original.) Id. at syllabus.
 Thus, although the court was not required to state its reasons for this particular finding, the record supports such a finding, and the court was not in error. Because Conte was being sentenced for multiple felony offenses and the court intended to run the sentences concurrently, it would have demeaned the seriousness of the offenses if the court did not impose the maximum sentence for at least one of the offenses.
R.C. 2929.14(C) places limits on the discretion of courts to impose a maximum sentence. Edmonson at 328. The maximum sentence may only be imposed on defendants who fall into one of the four following categories: 1) those who committed the worst form of the offense; 2) those who pose the greatest likelihood of committing future crimes; 3) certain major drug offenders; and 4) certain repeat violent offenders. Only one of the four criteria of R.C. 2929.14(C) need be met to impose the maximum sentence. However, in accordance with R.C. 2929.19(B)(2)(d), a court must state for the record its reasons for imposing the maximum sentence. Id.
In the instant case, the trial court stated it found Conte met both the first and second categories set forth in R.C.2929.14(C). It found he committed the worst form of the offense and that he poses the greatest likelihood of recidivism. While there is an absence of findings in the record to support the first conclusion, the court made sufficient findings to satisfy the second criteria.
R.C. 2929.12(D) provides a non-exclusive list of factors to consider in determining whether the defendant is likely to be a repeat offender. At the sentencing hearing, the trial court made the following findings on the record: 1) the victim suffered serious financial harm; 2) the offenses committed involved organized criminal activity in which Conte participated; 3) Conte's previous history of committing crimes was "too numerous to mention," which indicates he is more likely to commit future crimes; 4) previous rehabilitation failures; 5) Conte's pattern of drug abuse. Items 3, 4, and 5 match R.C. 2929.12(D) factors (2), (3), and (4), respectively. The record supports these findings.
Having reviewed the record pursuant to R.C. 2953.08, we find that the record does support the sentence. The sentence is not contrary to law. As a consequence, the maximum sentences were appropriate.
Conte's first and second issues presented for review are without merit. Conte's third issue presented for review has been fully addressedState v. Conte (Dec. 14, 2001), Lake App. No. 2000-L-104, unreported. That decision stands. Conte's assignment of error is without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.